TR. Ct. No. FR 56,988-1
WRIT No. 10,359-36

10,359-36

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 07 2015

Abel Acosta, Clerk
TEXAS COURT OF CRIMINAL APPEALS

EX PARTE

JERRY WAYNE RUMPH

## ALLEGATION OF GOOD CAUSE FOR FILING WRIT OF HABEAS CORPUS PURSUANT TO ARTICLE 11.07, V.T.C.C.P.

TO THE TEXAS COURT OF CRIMINAL APPEALS:

Comes Now the Applicant, Jerry Wayne Rumph, files this his Allegation of Good Cause for re-filing his writ of Habeas Corpus pursuant to article 11.07, V.A.C.C.P. In support thereof, Applicant shews the following:

1.

Section 7.01 of the Penal Code provides:

(a) A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or both.

Texas Penal Code Ann. 7.01(a). Section 7.02 of the Tex. Penal Code provides that:

(a) A person is criminally responsible for an offense committed by the conduct of another if:
(2) Acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

Texas Penal Code Ann. 7.02(a)(2).

Here, the jury charge contained an abstract instruction only on a theory of criminally responsible in accordance with Section 7.02(a)(2), supra. That portion of the Court's Charge, which immediately preceded the application paragraph read in pertinent part:

A person is criminally responsible for the offense committed by conduct of another if acting with intent to promote or assist the commission of the, he or she solicits, encourage, directs, aids, or attempts to aid the other person to commit the offense.

(Vol. V, page 123).

First, Applicant point out that the abstract instruction of the Courts Charge does not contain a definition of party to an offense as defined by the statutory language set out in Texas penal Code section 7.01 (a).

However, the application paragraph contained in the Court's Charge read in pertinent part:

Now, bearing in mind the foregoing instruction, if you believe from the evidence beyond a reasonable doubt, that the Defendant Jerry Wayne Rumph, either alone or as a party to the offense, on or about the 19th day of August 2004, in the County of Bell, and state of Texas, as alleged in the indictment, did then and there intentionally or knowingly enter a habitation without the effective consent of Philip Enderle, the Owner, and therein attempted to Commit or Committed theft, you will find the Defendant guilty of the offense of Burglary of a Habitation and So Say by your verdict. However, if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the Defendant of Burglary of a Habitation.

(Vol. V. page 124).

Second, Applicant point out that the abstract theory of law "Criminally responsible" is not referred, to nor included or incorporated into the application paragraph of the Courts Charge. (Vol. V. page 123-124).

Third, Applicant Contend that in order to Convict him as a party to the offense, the law of parties "must be" incorporated into the Court's Charge application paragraph, even though the Court's Charge Contains an abstract instruction on the law of parties. Biggins v. State, 824 S.W. 2d 177 (Tex. Crim. App. 1992). See also Walker v. State, 823 S.W. 2d 247 (Tex. Crim. App. 1991), Cert. denied, 503 U.S. 939, 112 S.ct. 1481, 117 L.Ed. 2d 624 (1992); Jones v. State, 815 S.W. 2d 667 (Tex. Crim. App. 1991); Garrett v. State, 749 S.W. 2d 784 (Tex. Crim. App. 1986).

An examination of the Court's Charge abstract paragraph and application paragraph clearly establish that the abstract theory of law "Criminally responsible" is not included in the application paragraph of the Courts Charge (Vol. V, page 123-124). The use of the phrase "party" used in the application paragraph of the Court's Charge is not a reference to the abstract theory of law "Criminally responsible." The phrase "party" used in the application paragraph of the Court's Charge, is not defined in term of the definition of "Criminally responsible, which is defined by tracking the statutory language set out in Tex. Penal Code Section 7.02 (a)(2). As such, the Court's Charge do not Connect "party" with the Complete definition of "Criminally responsible", including the requisite Culpable Mental State. The Charge relieved the State from proving the Mens rea element Necessary to be Convicted as a party or authorized the jury to Convict Applicant only as a principal.

[2].

The Charge is erroneous because Nowhere in the Charge was the jury required to find that another person committed any criminal acts for which Applicant could be held responsible, if at all, because of Applicant's encouragement or assistance of these acts.

In Chatman v. State, 846 S.W.2d 329 (Tex. Crim. App. 1993), this Court state that the language "either acting alone or as a party as that term has been defined," was sufficient to incorporate the instruction on party from the abstract portion of the Charge. In Chatman, the application portion of the Charge included "acting alone or as a party, as that term has been defined." Id., at 332. The language from the Chatman Charge told the jury to look for the definition elsewhere in the Charge.

Here, there is no reference to what the trial Court mean by the phrase party used in the application paragraph of the Courts Charge. Party is a word that has in legal usage Many Meaning. Party Can Mean, a person involved in legal proceeding. See Webster's New College Dictionary 802. The jury could not by the instruction in the application paragraph of the Court's Charge, refer to the definition of party in the abstract paragraph of the Charge to determine whether Applicant's action met that definition Because the abstract instruction or definition does Not Contain a definition of "party" in accordance with Texas Penal Code Ann. 7.01(a) "party to an offense". (Vol. V, 123). Thus, the phrase "party" used in the application paragraph of the Court's Charge effectively confined the jury's consideration to the issue of primary culpability, making it impossible for any rational juror mistakenly to think that Applicant's Conviction was authorized under the theory of Criminally responsible Contained in the abstract paragraph of the Courts Charge

This Court holds that an abstract or definition paragraph of a Court's Charge Serve as a kind of glossary to help the jury understand the meaning of Concepts and terms used in the application paragraph of the Charge. Dinkins v. State, 894 S.W. 2d 330, 339 (Tex. Crim App. 1995); Caldwell v. State, 971 S.W. 2d 663; Escobar v. State, 28 S.W. 3d 767

Here, the Court's Charge does Not Contain an abstract paragraph or definition, to serve as a kind of glossary to help the jury understand the Meaning of the term "party" used in the application paragraph of the Charge (Vol. V, 123-124). Thus, the jury was clearly unable to correctly apply the law to the facts of the Case, or to correctly judge the Merits of the Case. because the jury was Misled and Confused by the phrase party used in the application paragraph of the Courts Charge. (Vol. V. page 124).

Given the facts and Circumstances of the Case, the abstract portion of the Courts Charge failing to Contain an instruction or definition on "party to an offense" as defined in Tex. Penal Code Section 7.01(a), and the abstract theory of law "Criminally responsible" Contained in the Court's Charge but Not included or incorporated into application paragraph of the Charge is insufficient to bring that theory of law before the jury. Ramirez v. State, 967 S.W. 2d 919.

[3].

Applicant stresses that the trial court's charge to the jury contained an abstract paragraph theory of law, criminally responsible, but did not include or incorporate that theory of law to the facts of the case, deprived Applicant of due process of law guarantee by the Fourteenth Amendment of the federal Constitution. See Cupp V. Naughten, 414 U.S. 141, 146-147, 94 S.Ct. 396, 400, 38 L.Ed. 2d 368 (1973), as well as due course of law guaranteed by Article 1, Section 19, of Texas Constitution. See also Rosillo V. State, 953 S.W.2d 808; Harris V. State, 522 S.W.2d 199, 202 (Tex. Cr. App. 1975); Fennell V. State, 424 S.W. 2d 631 (Tex. Cr. App. 1968). Applicant did not object to the absence of the language in the application paragraph of the court's charge. Therefore, the charge must be analyzed under the egregious harm standard of Almanza V. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g). Applicant complain that the use of the phrase "party" in the application paragraph of the charge is insufficient to incorporate "criminally responsible" from the abstract paragraph of the charge into the application paragraph of the charge. Thus, Applicant suffered egregious harm. Application paragraph of jury charge is that which authorizes conviction, and abstract charge on theory of law which is not applied to facts is insufficient to bring that theory before jury. Campbell V. State (Cr. App. 1995) 910 S.W.2d 475, rehearing denied, Certiorari denied 116 S.Ct. 1430, 517 U.S. 1140, 134 L.Ed. 2d 552.

However, the theory of party liability became an element of the offense which Applicant was on trial. Of course, in making the determination whether the error of omission of party liability from the application paragraph of the charge, deprived or denied Applicant of a fair trial he is entitled to by the Fourteenth Amendment of the federal Constitution, as well as under the Due Course of law guaranteed by Article 1, Section 19, of Texas Constitution, "not only must the charge be read as a whole, it must also be laid in the court room scene with all the proper and scenery that there existed. Plunkett V. Estelle, 709 F.2d 1004 (5th Cir. 1983).

There is no evidence or insufficient evidence to demonstrate that Applicant is guilty in a non-parties capacity. Boozer V. State, 717 S.W.2d 608, 611-612 (Tex. Crim. App. 1984) invokes the doctrines of Burks V. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed. 2d 1 (1978) and Greene V. Massey, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed. 2d 15 (1978), in situations as the instant situation, where the erroneous charge placed a greater burden upon the State than warranted by the evidence, and there is no evidence or insufficient evidence to support the verdict based upon the increased burden.

[4].

The error in the Charge is fundamental error of which this Court must take jurdicial Notice, in the instrance of Justice. 40.09, 13, V.A.C.C.P. Tunell V. State, supra. But for the deprivation and denial of a fair Trial entitled to Applicant by the fourteenth Amendment of Federal Constitution, as well as due Course of law guarantee by article 1, Section 19, of Tex. Constitution, No rational jury Could have found Applicant guilty of the offense of Burglary of a habitation Charged in this Cause, beyond a reasonable doubt.

Applicant application for writ of habeas Corpus pursuant to article 11.07, V.A.C.C.P. Satisfy the requirement for Consideration of re-Filing Set out in article 11.07(4)(a)(2). There are factual issues raised in Applicant's Petition on the issue whether "good Cause" is Shown for allowing re-Filing of Applicant's Petition. Such factual issue Requires an Evidentary Hearing.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Applicant Jerry Wayne Rumph, respectfully Prays this Court Grant him an Evidentary Hearing in this Cause. Thus, Applicant forever pray.

Respectfully Submitted,

_Jerry Wayne Rumph_
Jerry Wayne Rumph, Applicant

[5].

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of Applicants Allegation of Good Cause for refiling the Applicant for writ of habeas Corpus pursuant to article 11.07, V.A.C.C.P was Mailed to Henry Garza, District Attorney, P.O. Box 540, Belton, Texas 76,513-0540, by placing the same in Allred prison Mail box on this 30 day of June 2015.

Jerry Wayne Rumph
Jerry Wayne Rumph